```
 1  Anthony Boskovich, No. 121198
    Law Offices of Anthony Boskovich
 2  28 N. First Street, 6th Floor
    San Jose, California 95113-1210
 3
 4  (408) 286-5150
    policemisconduct@compuserve.com
 5
 6  Attorney for plaintiff NANCY NAVA
```

FILED

2008 JUN 24  P 2: 28

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

## IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

NANCY NAVA,

    *Plaintiff,*

v.

MIKE SEADLER, individually and in his capacity as a Santa Clara police officer; CLYDE CHENG, individually and in his capacity as a Santa Clara police officer; ALEX TORKE, individually and in his capacity as a Santa Clara police officer; A. WOLF, individually and in his capacity as a Santa Clara police officer; S. MAJOROS, individually and in his capacity as a Santa Clara police officer; T. SHEARER, individually and in his capacity as a Santa Clara police officer; J. FANUCCHI, individually and in his capacity as a Santa Clara police officer; T. NIESEN, individually and in his capacity as a Santa Clara police officer; M. OVER, individually and in his capacity as a Santa Clara police officer; DAN WINTER, individually and in his capacity as a Santa Clara police sergeant; A. LANGE, individually and in his capacity as a Santa Clara police officer; R. CIRAULO, individually and in his capacity as a Santa Clara police officer; J. MASTILOCK, individually and in his capacity as a Santa Clara police officer; A. LAYTON, individually and in his capacity as a Santa Clara police officer; J. GREEN, individually and in his capacity as a Santa Clara police officer; D. RUSH, individually and in his capacity as a Santa Clara police officer; F. SAUNDERS,

No. C08 03066 PVT

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS – JURY TRIAL DEMANDED

Complaint for Violation of Civil Rights -
Jury Trial Demanded                                                                 Page 1

individually and in his capacity as a Santa Clara police officer; D. MACHADO, individually and in his capacity as a Santa Clara police officer; J. OLIVER, individually and in his capacity as a Santa Clara police officer; B. STERKEL, individually and in his capacity as a Santa Clara police officer; JOHN DOE and RICHARD ROE, individually and in their capacities as Santa Clara police officers, the true names and exact numbers of whom are unknown at this time; CITY OF SANTA CLARA, a municipal corporation,

Defendants.

## JURISDICTION

1. This action arises under Title 42 of the United States Code, section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, sections 1331 and 1343. The unlawful acts and practices occurred in the County of Santa Clara which is within this judicial district.

## PARTIES

2. Plaintiff, NANCY NAVA, is, and at all times herein mentioned was, a legal citizen of the United States and a resident of Santa Clara, California.

3. Defendant CITY OF SANTA CLARA, hereinafter "CITY", is a public entity duly organized and existing under the laws of the State of California.

4. At all times mentioned herein, defendants MIKE SEADLER, CLYDE CHENG, ALEX TORKE, A. WOLF, S. MAJOROS, T. SHEARER, J. FANUCCHI, T. NIESEN, M. OVER,

Complaint for Violation of Civil Rights -
Jury Trial Demanded

Page 2

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

DAN WINTER, A. LANGE, R. CIRAULO, J. MASTILOCK, A. LAYTON, J. GREEN, D. RUSH, F. SAUNDERS, D. MACHADO, J. OLIVER, B. STERKEL, JOHN DOE and RICHARD ROE (hereinafter "OFFICERS"), were employed as police officers for defendant CITY. Defendant officers are sued individually and in their capacity as police officers for the CITY. By engaging in the conduct described here, defendant officers acted under the color of law and in the course and scope of their employment for defendant CITY. By engaging in the conduct described here, defendant officers exceeded the authority vested in them as police officers under the United States Constitution and as employees of the CITY.

## STATEMENT OF FACTS

5. On 18 September 2007, plaintiff drove her son and daughter, along with her grandson, to the Bank of America located at 2900 El Camino Real in the City of Santa Clara.

6. While her son and daughter went into the bank to cash a check, Ms. Nava waited in the car with her grandson.

7. At approximately 6:15 P.M., Ms. Nava heard a male voice, believed to be MIKE SEADLER, yelling "Hey you in the blue car!" When Ms. Nava, who did not clearly understand that the voice was directed at her, said "Who, me? What did I do?", she was told to put her hands on the steering wheel, and then given meticulous instruction on how to get out of the car, to back up, and then go to the ground.

8. There were in excess of 10 OFFICERS, including SEADLER, pointing guns at her, and despite her explanation that she had arthritis, Ms. Nava was taken to the ground on her knees and handcuffed without explanation.

9. Ms. Nava was seated in the back of a patrol vehicle, and she watched the OFFICERS point their weapons at her young grandson, terrifying him, and then watched them search the vehicle without permission or warrant.

10. Ms. Nava was forced to remain in the car until 7:36 P.M. without explanation, and then was released, being told that it was a mistake.

## DAMAGES

11. As a proximate result of defendants' conduct, plaintiff suffered pain and physical injuries. As a further proximate result of defendants' conduct, plaintiff suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of her sense of security, dignity, and pride as a citizen of the United States.

12. As a further proximate result of defendants' conduct, plaintiff has incurred medical expenses and lost time from her usual occupation in an amount according to proof.

13. The conduct of defendant OFFICERS was malicious, wanton, and oppressive. Plaintiff is therefore entitled to award of punitive damages against defendant OFFICERS.

14. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

## FIRST CLAIM FOR RELIEF
(42 U.S.C § 1983)
(Against defendants OFFICERS)

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 14 of this complaint.

16. In doing the acts complained of, defendants OFFICERS acted under the color of the law to deprive the plaintiff of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right to be free from arrest without probable cause, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

c. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

d. The right to be free from the use of excessive force by police officers and other government actors, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; and,

e. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Complaint for Violation of Civil Rights -
Jury Trial Demanded                                                                                      Page 5

17. As a proximate result of defendants' wrongful conduct, plaintiff suffered injuries and damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth.

**SECOND CLAIM FOR RELIEF**
(42 U.S.C. § 1983)
(Against Defendant CITY OF SANTA CLARA)

18. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 17 of this complaint.

19. The CITY, by and through its supervisory officials and employees, has been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendant OFFICERS herein and other Santa Clara police officers, consisting of the use of the illegal search, seizure, and arrest of citizens, as well as the use of excessive force against citizens. Despite said notice, defendant CITY has demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by Santa Clara police officers. This lack of an adequate supervisorial response by defendant CITY demonstrates the existence of an informal custom or policy which tolerates and promotes the continued illegal search, seizure, and arrest of citizens, as well as the continued use of excessive force against citizens, by Santa Clara police officers.

20. The acts of defendant police officers alleged herein are the direct and proximate result of the deliberate indifference of defendant CITY and its supervisory officials and employees to violations of the constitutional rights of persons by defendant OFFICERS herein, and other

members of the Santa Clara Police Department. The plaintiff's injuries were foreseeable and a proximate result of the deliberate indifference of the CITY to the pattern, practices, customs, and policies described above.

**WHEREFORE**, Plaintiff prays for relief as set forth.

### THIRD CLAIM FOR RELIEF
(Assault and Battery)
(Against defendants OFFICERS)

21. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 20 of this complaint.

22. Defendant OFFICERS placed plaintiff in immediate fear for her safety by pointing their guns at her and then forcing her out of her car. Defendant OFFICERS committed assault and battery against plaintiff by pointing their guns at her and then forcing her out of her car without justification without justification.

23. Defendants' conduct was neither privileged nor justified under statute or common law.

24. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth.

# FOURTH CLAIM FOR RELIEF
(False Imprisonment)
(Against defendant OFFICERS

25. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 24 of this complaint.

26. On or about 27 December 2003, defendant OFFICERS detained plaintiff maliciously and without a warrant or order of commitment of any kind, or any other legal authority of any kind, even though plaintiff had not committed any crime or public offense. Defendant OFFICERS did not have reasonable cause to believe that plaintiff had committed any offense.

27. The conduct of defendant OFFICERS, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. However, in order to deliberately injure plaintiff, defendant OFFICERS committed the aforementioned extreme and outrageous acts with the intent to inflict severe injury upon plaintiff, thereby justifying an award of punitive damages against all defendants.

28. As a proximate result, plaintiff suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for damages as set forth.

//
//
//
//
//
//

Complaint for Violation of Civil Rights -
Jury Trial Demanded

## FIFTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)
(Against defendants OFFICERS)

29. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 28 of this complaint.

30. The conduct of defendant OFFICERS, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. However, in order to deliberately injure plaintiff, defendant OFFICERS committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiff.

31. As a proximate result of defendants' willful, intentional and malicious conduct, plaintiff suffered severe and extreme metal and emotional distress. Therefore, plaintiff is entitled to an award of punitive damages as against the individually named police officers. Plaintiff has suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth

## SIXTH CLAIM FOR RELIEF
(California Civil Code § 51.7)
(Against defendant OFFICERS)

32. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 31 of this complaint.

33. Plaintiff is informed and believes and thereon alleges that the conduct of defendant OFFICERS, as described herein, was motivated by racial prejudice against plaintiff. By engaging in such conduct, defendants violated plaintiff's rights under California Civil Code section 51.7 to be free from violence or intimidation by threat of violence committed against them because of her race, color, or ancestry.

34. Under the provisions of California Civil Code section 52, subdivision (b), defendants are liable for each and every offense for each and every offense for exemplary damages, for twenty-five thousand dollars ($25,000) in addition thereto, and for the payment of plaintiff's attorney fees.

35. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth.

### SEVENTH CLAIM FOR RELIEF
(Negligence)
(Against defendants OFFICERS)

36. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 35 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

37. At all times herein mentioned, defendants were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens in the exercise of the police function. The conduct of defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers, proximately causing plaintiff to suffer damages as set forth.

WHEREFORE, Plaintiff prays for relief as set forth.

### EIGHTH CLAIM FOR RELIEF
(Negligent Infliction of Emotional Distress)
(Against defendants OFFICERS)

38. Plaintiff reallege and incorporates by reference herein paragraphs 1 through 37 of this complaint, except for any and all allegation of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

39. At all times herein mentioned, defendants were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens. The conduct of defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers, proximately causing plaintiff to suffer damages as set forth.

40. The conduct of defendant OFFICERS as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.

41. As a proximate result of defendants' conduct, plaintiff suffered severe and extreme mental and emotional distress. Plaintiff has suffered damages as set forth.

WHEREFORE, Plaintiff pray for relief as set forth.

//
//
//

Complaint for Violation of Civil Rights -
Jury Trial Demanded

Page 11

## NINTH CLAIM FOR RELIEF
(California Civil Code § 52.1)
(Against defendants OFFICERS)

42. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 41 of this complaint.

43. The conduct of defendant OFFICERS as described herein violated California Civil Code section 52.1, in that they interfered with plaintiff's exercise and enjoyment of her civil rights, as enumerated above, through use of wrongful force and false arrest and imprisonment.

44. As a direct and proximate result of defendants' violation of Civil Code section 52.1 plaintiff suffered violation of her constitutional rights, and suffered damages as set forth.

45. Since the conduct of defendant officers occurred in the course and scope of their employment, defendant CITY is therefore liable to plaintiff pursuant to respondeat superior.

46. Plaintiff is entitled to an award of reasonable attorney's fees pursuant to Civil Code section 52.1.

**WHEREFORE**, Plaintiff prays for relief as set forth.

## JURY DEMAND

47. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages in an amount no less than $1,000,000;
2. Special damages in an amount no less than $2,000,000;
3. Punitive damages in an amount no less than $5,000,000;
4. Exemplary damages and an additional $25,000 for each violation against each plaintiff of the Civil Code section 51.7, and reasonable attorney fees, pursuant to Civil Code section 52, subdivision (b);
5. Reasonable attorney's fees pursuant to 42 U.S.C. section 1988;
6. Costs of suit incurred herein; and,
7. Such other and further relief as the Court may deem just and proper.

Dated: 22 June 2008

LAW OFFICES OF ANTHONY BOSKOVICH

By: _____
Anthony Boskovich
Attorney for Plaintiff

Complaint for Violation of Civil Rights - Jury Trial Demanded

Page 13

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
NANCY NAVA

**DEFENDANTS**
OFFICER MIKE SEADLER, et al.

E-FILING

(b) County of Residence of First Listed Plaintiff (EXCEPT IN U.S. PLAINTIFF CASES)
Santa Clara

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Anthony Boskovich
28 N. First Street, 6th Floor
San Jose, CA 95113
(408) 286-5150

Attorneys (If Known)

ADR

C08 03066 PVT

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC 881 |  | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 365 Personal Injury - Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / PERSONAL PROPERTY | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | 690 Other |  | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability |  / 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise |  | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting / 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment / Habeas Corpus: | 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations / 530 General | IMMIGRATION | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare / 535 Death Penalty | 462 Naturalization Application | 871 IRS - Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 540 Mandamus & other | 463 Habeas Corpus - Alien Detainee |  | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 550 Civil Rights | 465 Other Immigration Actions |  | 950 Constitutionality of State Statutes |
|  | [X] 440 Other Civil Rights / 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983; Title 28 U.S.C. §1331 and 1343
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 825,000
- [X] CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE: 23 June 2008
SIGNATURE OF ATTORNEY OF RECORD: Anthony Boskovich

NDC-JS44