1  JON A. HEABERLIN (SBN 199810)
   **RANKIN, LANDSNESS, LAHDE,**
2  **   SERVERIAN & STOCK**
   96 No. Third Street, Suite 500
3  San Jose, California  95112
   (408) 293-0463
4
   Attorneys for Defendants
5  MIKE SEADLER, CLYDE CHENG, ALEX TORKE,
   ALAN WOLF, STEVEN MAJOROS, TYSON SHEARER,
6  JOHNNY FANUCCHI, TRAVIS NIESEN, MARTIN OVER,
   DAN WINTER, ALAEC LANGE, ROBERT CIRAULO,
7  JOHN MASTILOCK, ANTHONY LAYTON,
   JOHANNA GREEN, DEREK RUSH, FRANK SAUNDERS,
8  DAVID MACHADO, JOE OLIVER, BRYAN STERKEL
   AND CITY OF SANTA CLARA
9

10            **IN THE UNITED STATES DISTRICT COURT**

11            **NORTHER DISTRICT OF CALIFORNIA**

12

13  NANCY NAVA,                        )    Case No. C08 03066 PVT
                                       )
14         Plaintiff,                  )    **DEFENDANTS' ANSWER TO COMPLAINT**
                                       )    **FOR VIOLATION OF CIVIL RIGHTS**
15  vs.                                )
                                       )    **DEMAND FOR JURY TRIAL**
16  MIKE SEADLER, individually and in  )
    his capacity as a Santa Clara police )
17  officer; CLYDE CHENG, individually )
    and in his capacity as a Santa Clara )
18  police officer, ALEX TORKE,        )
    individually and in his capacity as a )
19  Santa Clara police officer; A. WOLF, )
    individually and in his capacity as a )
20  Santa Clara police officer; S.     )
    MAJOROS, individually and in his   )
21  capacity as a Santa Clara police   )
    officer; T. SHEARER, individually  )
22  and in his capacity as a Santa Clara )
    police officer; J. FANUCCHI,       )
23  individually and in his capacity as a )
    Santa Clara police officer; T.     )
24  NIESEN, individually and in his    )
    capacity as a Santa Clara police   )
25  officer; M. OVER, individually and in )
    his capacity as a Santa Clara police )
26  officer; DAN WINTER, individually  )
    and in his capacity as a Santa Clara )
27  police officer; A. LANGE, individually )
    and in his capacity as a Santa Clara )
28  police officer; R. CIRAULO,        )
    individually and in his capacity as a )
    Santa Clara police officer; J.     )

1  MASTILOCK, individually and in his
   capacity as a Santa Clara police
2  officer; A. LAYTON, individually and
   in his capacity as a Santa Clara
3  police officer; J. GREEN, individually
   and in his capacity as a Santa Clara
4  police officer; D. RUSH, individually
   and in his capacity as a Santa Clara
5  police officer; F. SAUNDERS,
   individually and in his capacity as a
6  Santa Clara police officer; D.
   MACHADO, individually and in his
7  capacity as a Santa Clara police
   officer; J. OLIVER, individually and in
8  his capacity as a Santa Clara police
   officer; B. STERKEL, individually and
9  in his capacity as a Santa Clara
   police officer; JOHN DOE and
10 RICHARD ROE, individually and in
   their capacities as Santa Clara police
11 officers, the true names and exact
   numbers of whom are unknown at
12 this time; CITY OF SANTA CLARA,
   a municipal corporation,
13
              Defendants.
14
   _____
15

16      Defendants MIKE SEADLER, CLYDE CHENG, ALEX TORKE, ALAN WOLF,

17  STEVEN MAJOROS, TYSON SHEARER, JOHNNY FANUCCHI, TRAVIS NIESEN,

18  MARTIN OVER, DAN WINTER, ALAEC LANGE, ROBERT CIRAULO, JOHN

19  MASTILOCK, ANTHONY LAYTON, JOHANNA GREEN, DEREK RUSH, FRANK

20  SAUNDERS, DAVID MACHADO, JOE OLIVER, BRYAN STERKEL, AND CITY OF

21  SANTA CLARA answer Plaintiff's *Complaint for Violation of Civil Rights* ("the Complaint"),

22  as follows:

23                          **JURISDICTION**

24      1.     In answer to Paragraph 1 of the Complaint, Defendants acknowledge the

25  jurisdiction of the United States District Court.  Defendants deny any unlawful acts or

26  practices.

27                            **PARTIES**

28      2.     In answer to Paragraph 2 of the Complaint, Defendants do not have

1  sufficient information to respond, and accordingly deny the allegations stated therein.

2       3.    In answer to Paragraph 3 of the Complaint, Defendants admit the allegations

3  contained therein.

4       4.    In answer to Paragraph 4 of the Complaint, Defendants admit that the

5  individual defendants were employed as police officers for the City of Santa Clara, but lack

6  sufficient information to respond to the allegations regarding color of law and course and

7  scope of employment, and therefore denies those allegations.  Defendants deny the

8  allegations contained within the last sentence of Paragraph 4.

9       5.    In answer to Paragraph 5 of the Complaint, Defendants admit that there was

10  a police encounter on September 18, 2007 at the Bank of America located at 2900 El

11  Camino Real in the City of Santa Clara that possibly involved Plaintiff and/of her

12  grandson, but do not have sufficient information to respond, and accordingly deny the

13  allegations stated therein.

14      6.    In answer to Paragraph 6 of the Complaint, Defendants do not have

15  sufficient information to respond, and accordingly deny the allegations stated therein.

16      7.    In answer to Paragraph 7 of the Complaint, Defendants admit that an

17  occupant of a vehicle in the parking lot, possibly Plaintiff, was ordered out of her vehicle.

18  Defendants do not have sufficient information to respond to the balance of the Paragraph,

19  and accordingly deny the allegations stated therein.

20      8.    In answer to Paragraph 8 of the Complaint, Defendants admit that an

21  occupant of a vehicle in the parking lot, possibly Plaintiff, was ordered out of her vehicle

22  and the officers had weapons drawn.  Defendants do not have sufficient information to

23  respond to the balance of the Paragraph, and accordingly deny the allegations stated

24  therein.

25      9.    In answer to Paragraph 9 of the Complaint, Defendants do not have

26  sufficient information to respond, and accordingly deny the allegations stated therein.

27      10.    In answer to Paragraph 10 of the Complaint, Defendants deny the

28  allegations contained therein.

1    11.    In answer to Paragraph 11 of the Complaint, Defendants do not have

2  sufficient information to respond, and accordingly deny the allegations stated therein.

3    12.    In answer to Paragraph 12 of the Complaint, Defendants do not have

4  sufficient information to respond, and accordingly deny the allegations stated therein.

5    13.    In answer to Paragraph 13 of the Complaint, Defendants deny the

6  allegations contained therein.

7    14.    In answer to Paragraph 14 of the Complaint, Defendants deny the

8  allegations contained therein.

9

10                          **FIRST CLAIM FOR RELIEF**

11    15.    In answer to Paragraph 15 of the Complaint, there are no charging

12  allegations upon which to respond.

13    16.    In answer to Paragraph 16 of the Complaint, Defendants deny the

14  allegations contained therein.

15    17.    In answer to Paragraph 17 of the Complaint, Defendants deny the

16  allegations contained therein.

17                          **SECOND CLAIM FOR RELIEF**

18    18.    In answer to Paragraph 18 of the Complaint, there are no charging

19  allegations upon which to respond.

20    19.    In answer to Paragraph 19 of the Complaint, Defendants deny the

21  allegations contained therein.

22    20.    In answer to Paragraph 20 of the Complaint, Defendants deny the

23  allegations contained therein.

24                          **THIRD CLAIM FOR RELIEF**

25    21.    In answer to Paragraph 21 of the Complaint, there are no charging

26  allegations upon which to respond.

27    22.    In answer to Paragraph 22 of the Complaint, Defendants admit that an

28  occupant of a vehicle, possibly Plaintiff, was ordered from her vehicle with weapons

1  drawn.  Defendants deny the remaining allegations contained therein.

2          23.    In answer to Paragraph 23 of the Complaint, Defendants deny the

3  allegations contained therein.

4          24.    In answer to Paragraph 24 of the Complaint, Defendants deny the

5  allegations contained therein.

6                        **FOURTH CLAIM FOR RELIEF**

7          25.    In answer to Paragraph 25 of the Complaint, there are no charging

8  allegations upon which to respond.

9          26.    In answer to Paragraph 26 of the Complaint, Defendants do not have

10  sufficient information to respond to the allegation regarding a December 27, 2003

11  encounter, and therefore deny that allegation.  Defendants deny the remaining allegations

12  contained therein.

13          27.    In answer to Paragraph 27 of the Complaint, Defendants deny the

14  allegations contained therein.

15          28.    In answer to Paragraph 28 of the Complaint, Defendants deny the

16  allegations contained therein.

17                        **FIFTH CLAIM FOR RELIEF**

18          29.    In answer to Paragraph 29 of the Complaint, there are no charging

19  allegations upon which to respond.

20          30.    In answer to Paragraph 30 of the Complaint, Defendants deny the

21  allegations contained therein.

22          31.    In answer to Paragraph 31 of the Complaint, Defendants deny the

23  allegations contained therein.

24                        **SIXTH CLAIM FOR RELIEF**

25          32.    In answer to Paragraph 32 of the Complaint, there are no charging

26  allegations upon which to respond.

27          33.    In answer to Paragraph 33 of the Complaint, Defendants deny the

28  allegations contained therein.

34.    In answer to Paragraph 34 of the Complaint, Defendants deny the allegations contained therein.

35.    In answer to Paragraph 35 of the Complaint, Defendants deny the allegations contained therein.

## SEVENTH CLAIM FOR RELIEF

36.    In answer to Paragraph 36 of the Complaint, there are no charging allegations upon which to respond.

37.    In answer to Paragraph 37 of the Complaint, Defendants deny the allegations contained therein.

## EIGHTH CLAIM FOR RELIEF

38.    In answer to Paragraph 38 of the Complaint, there are no charging allegations upon which to respond.

39.    In answer to Paragraph 39 of the Complaint, Defendants deny the allegations contained therein.

40.    In answer to Paragraph 40 of the Complaint, Defendants deny the allegations contained therein.

41.    In answer to Paragraph 41 of the Complaint, Defendants deny the allegations contained therein.

## NINTH CLAIM FOR RELIEF

42.    In answer to Paragraph 42 of the Complaint, there are no charging allegations upon which to respond.

43.    In answer to Paragraph 43 of the Complaint, Defendants deny the allegations contained therein.

44.    In answer to Paragraph 44 of the Complaint, Defendants deny the allegations contained therein.

45.    In answer to Paragraph 45 of the Complaint, Defendants deny the allegations contained therein.

46.    In answer to Paragraph 46 of the Complaint, Defendants deny the

1  allegations contained therein.

2  **AFFIRMATIVE DEFENSES**

3      AS AND FOR A FIRST AFFIRMATIVE DEFENSE, the Complaint fails to state a

4  claim upon which relief can be granted.

5      AS AND FOR A SECOND AFFIRMATIVE DEFENSE, Plaintiff was careless and

6  negligent in and/or about the matters referred to in said Complaint, and further that the

7  Plaintiff failed to exercise ordinary or any care for Plaintiff's own safety and such

8  carelessness and negligence on the part of Plaintiff proximately caused and contributed to

9  the damage, detriment or injury sustained by Plaintiff , if any, and that Plaintiff's recovery

10 should therefore either be barred or reduced to the extent of her negligence.

11     AS AND FOR A THIRD AFFIRMATIVE DEFENSE, any harm suffered was a result

12 of a negligent or otherwise wrongful conduct of persons other than Defendants and that

13 the conduct of the person other than Defendants was the sole and proximate cause of the

14 injuries and damages alleged by Plaintiffs.

15     AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, all actions taken by

16 Defendants, including actions of DOE Defendants, were undertaken in good faith and with

17 a reasonable belief that the actions were valid, necessary, constitutionally proper and

18 objectively reasonable for a police officer in the same circumstances, entitling Defendants

19 to qualified immunity from Plaintiff's claimed injuries and damages.

20     AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, Plaintiff has failed to mitigate

21 her damages, if any.

22     AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, Defendants are immune from

23 the state law causes of action pursuant to Government Code §§800-1000, including but

24 not limited §§820.2, 820.4, 820.8, 821.6, 821.8, and 822.2.  Defendants are further

25 immune by virtue of Penal Code §836.5(b) and §847.

26     AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, Defendants allege that

27 Plaintiff's Complaint is barred by the Doctrine of Unclean Hands.

28     AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, Defendants are entitled to

immunity under the Eleventh Amendment.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE, Defendants contend that they are immune from liability pursuant to the Federal Civil Rights Act because they were acting in good faith and entertained a reasonable belief that its actions were necessary.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE, Defendants contend that they are immune pursuant to the principals of qualified immunity.

AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, Defendants allege that they have not deprived any person, including Plaintiff, of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States or the State of California, and, therefore, Defendants are not liable.

AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, any alleged use of force to subdue and/or detain plaintiff was reasonable under the circumstances, and was in defense to the improper actions of the plaintiff.

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, Defendants were objectively reasonable in light of the facts and circumstances confronting them, and their conduct did not violate clearly established statutory or Constitutional rights of which a reasonable person would have known.

WHEREFORE, Defendants prays as follows:

1.    Dismissal of Plaintiff's Complaint with prejudice;

2.    Plaintiff takes nothing by reason of her Complaint;

3.    Defendants be awarded reasonable attorney's fees;

4.    Defendants be awarded costs of suit; and,

5.    For such other and further relief as the Court deems appropriate.

Dated: July 23, 2008                        RANKIN, LANDSNESS, LAHDE,
                                            SERVERIAN & STOCK


                                            By: /s/ Jon A. Heaberlin
                                               JON A. HEABERLIN
                                               Attorney for Defendants

1

2

## REQUEST FOR JURY TRIAL

3
Defendants MIKE SEADLER, CLYDE CHENG, ALEX TORKE, ALAN WOLF,

4
STEVEN MAJOROS, TYSON SHEARER, JOHNNY FANUCCHI, TRAVIS NIESEN,

5
MARTIN OVER, DAN WINTER, ALAEC LANGE, ROBERT CIRAULO, JOHN M

6
ASTILOCK, ANTHONY LAYTON, JOHANNA GREEN, DEREK RUSH, FRANK

7
SAUNDERS, DAVID MACHADO, JOE OLIVER, BRYAN STERKEL AND CITY OF

8
SANTA CLARA hereby request a jury trial in this action.

9

10
Dated: July 23, 2008                                    RANKIN, LANDSNESS, LAHDE,
                                                                            SERVERIAN & STOCK

11

12

13
                                                            By: /s/ Jon A. Heaberlin
                                                                    JON A. HEABERLIN

14
                                                                    Attorneys for Defendants

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Answer To Complaint For Violation Of Civil Rights