UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY NAVA, | Case No.: C 08-3066 PSG |
| Plaintiff, | **ORDER FOLLOWING FINAL PRETRIAL CONFERENCE** |
| v. | |
| MIKE SEADLER, | **(Re: Docket Nos. 125, 127, 128, 129, 130, 132, 133)** |
| Defendants. | |

Pending before the court are the parties' motions *in limine*. On August 2, 2011, the parties appeared for a final pretrial conference and oral argument on the motions. The court finds as follows.

Defendants' Motion *In Limine* No. 1: Defendants move to exclude evidence of prior internal affairs investigations and personnel records. Plaintiff has not opposed this motion. IT IS HEREBY ORDERED that the motion is GRANTED.

Defendants' Motion *In Limine* No. 2: Defendants move to exclude evidence of settlement discussions or events surrounding the early neutral evaluation. Plaintiff has not opposed this motion. IT IS HEREBY ORDERED that the motion is GRANTED.

Defendants' Motion *In Limine* No. 3: Defendants move to exclude evidence relating to events involving Defendant Mike Seadler's ("Seadler") spouse as irrelevant. Plaintiff argues that

Seadler's untruthful deposition testimony regarding events that involve his spouse are probative of his credibility as a witness.[1]  IT IS HEREBY ORDERED that the motion is DENIED as to the use of this evidence to impeach Seadler as a witness regarding the specific instance of his giving untruthful deposition testimony under Fed. R. Evid. 608(b) and GRANTED as to all other uses.

Defendants' Motion *In Limine* No. 4: Defendants move to exclude references to the motion for summary judgment.  Plaintiff has not opposed this motion.  IT IS HEREBY ORDERED that the motion is GRANTED.

Plaintiff's Motion *In Limine* No. 1: Plaintiff moves to exclude evidence of her former conviction for welfare fraud that occurred more than thirty-one years ago as irrelevant and not permitted under Rule 608 or Rule 609.  Defendants argue that Plaintiff's prior police encounters, especially her welfare fraud conviction, are relevant to (1) her bias and motive in bringing this lawsuit; (2) whether the September 18, 2007 encounter caused her emotional trauma, fear of police retribution, and other damages Plaintiff is claiming; (3) impeach her deposition testimony that she had never been arrested; and (4) impeach her credibility because the conviction involved an act of dishonesty or false statement.  This evidence is relevant at least to the existence or cause of Nava's claimed emotional distress.[2]  IT IS HEREBY ORDERED that the motion is DENIED.

IT IS FURTHER ORDERED that the court adopts the July 22, 2011 Joint Pretrial Conference Statement as the final pretrial order.

---

[1] *See* Fed. R. Evid. 608(b) (On cross-examination, a witness may be asked about specific instances of conduct that are relevant to the witness's character for veracity).

[2] *See, e.g.*, *Gribben v. City of Summit*, No. 08 C 0123, 2010 WL 2928094, at *3 (N.D. Ill. Jul. 20, 2010) (denying motion *in limine* to exclude evidence of plaintiff's prior convictions or arrests because "if presented with evidence that [plaintiff] had been arrested and incarcerated numerous times in the past, the jury could conclude that [plaintiff] would not have been as emotionally traumatized by the arrest [at issue] as he claims to have been" and the evidence's probative value is not substantially outweighed by the danger of unfair prejudice); *Redmond v. City of Chi.*, No. 06 C 3611, 2008 WL 539164, at *2 (N.D. Ill. Feb. 26, 2008) (denying motion *in limine* to exclude evidence of plaintiff's prior convictions or arrests because "if [plaintiff] had been arrested on prior occasions the trier of fact could conclude from such evidence that [plaintiff] would not have been as emotionally traumatized by the [arrest at issue] as he claims since he had already experienced the arrest process on prior occasions" and the evidence's probative value is not substantially outweighed by the danger of unfair prejudice).

IT IS FURTHER ORDERED that the court permits Plaintiff to use Plaintiff's Supplemental Voir Dire Questions during his voir dire to the jury, with the exception of the following proposed questions: "When do you think a police office should be allowed to violate a citizen's constitutional rights?" and "'The Constitution only protects the guilty.' Do you agree with this? Why or why not?"

IT IS FURTHER ORDERED that the court will select the appropriate jury instructions and jury verdict form at trial.

Dated:  August 2, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

3
Case No.: 08-3066 PSG
ORDER