UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY NAVA, | Case No.: C 08-3066 PSG |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL** |
| v. | |
| MIKE SEADLER, et al., | **(Re: Docket No. 156)** |
| Defendants. | |

Before the court is Plaintiff Nancy Nava's ("Nava") motion for a new trial on her 42 U.S.C. § 1983 excessive force claim against ten individual Defendant police officers and their employer, Defendant City of Santa Clara (collectively "Defendants"). On August 22-25, 2011, Nava presented her evidence to a nine-person jury.  Following the jury's unanimous verdict and entry of judgment in favor of Defendants on all claims,[1] Nava filed this motion. Nava seeks a new trial based on the court's decision not to instruct the jury in accordance with three proposed instructions that, according to plaintiff, would have clarified the proper legal standard on excessive use of force. On November 1, 2011, the parties appeared for oral argument. Having considered the briefs, argument, and governing law, the court DENIES Nava's motion for a new trial.

---

[1] *See* Docket No. 147 (Jury Verdict) (finding that (1) Nava was not arrested, (2) Nava was subjected to an investigatory stop, but the stop was not unreasonable, (3) Defendants did not use excessive force against Nava, (4) Defendants were not negligent, and (5) Defendants did not interfere with Nava's constitutional rights through threats, intimidation, or coercion).

1

# I. BACKGROUND

Before trial, the court received proposed jury instructions from each party.[2] After reviewing the proposed instructions and considering each side's arguments and objections, the court issued the following jury instruction, in pertinent part, with respect to Nava's excessive force claim:

> Jury Instruction No. 17: Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive (Non Deadly) Force
>
> [I]n order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer(s) used excessive force when employing drawn weapons or handcuffs.
>
> Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.
>
> In determining whether the officer(s) used excessive force in this case, consider all of the circumstances known to the officer(s) on the scene, including:
>
> 1. The severity of the crime or other circumstances to which the officer(s) were responding;
> 2. Whether the plaintiff posed an immediate threat to the safety of the officer(s) or to others;
> 3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;
> 4. The amount of time and any changing circumstances during which the officer(s) had to determine the type and amount of force that appeared to be necessary;
> 5. The type and amount of force used; and
> 6. The availability of alternative methods to detain or arrest plaintiff.

The court's instruction was consistent with the Ninth Circuit Model Jury Instruction 9.22 (2007) and included the phrase "when employing drawn weapons or handcuffs" in the first paragraph, to describe the factual basis for Nava's claim.

The court's jury instructions did not include Nava's proposed instructions nos. 5, 6, and 7, which respectively stated that handcuffing too tightly may constitute excessive force, that failure to loosen tight handcuffs as requested by the restrained person constitutes excessive force, and that

---

[2] *See* Docket No. 139 (Joint Proposed Jury Instructions).

Case No.: 08-3066 PSG
ORDER

pointing of firearms may constitute excessive force even if there is no physical injury.[3] Defendant at the time objected to Nava's proposed instructions as unnecessary and repetitive.[4]

Nava argues that these additional instructions – or some variation thereof – would have explained and clarified for the jury the law regarding excessive force in circumstances such as those faced by Nava. Without this additional guidance from the court, Nava argues, the jury was left to choose between the misleading testimony of several Defendants regarding what constitutes excessive force, or the explanation of the law provided only by Nava's counsel at closing. According to Nava. such deliberation, based on an incomplete – and therefore incorrect – set of jury instructions, constituted a miscarriage of justice requiring a new trial. Nava does not contend that the evidence was insufficient to support the verdict, that the jury engaged in misconduct, or that there was any other basis for a new trial.

Defendants dispute that the court's jury instruction was incomplete. Defendants argue that Nava was allowed to present her full theory of excessive force to the jury, after which the jury

---

[3] Nava's Proposed Jury Instructions Nos. 5, 6, and 7 read as follows:

No. 5: Force, Factors, Handcuffing Tightly. If, under the totality of the circumstances, a police officer unreasonably seizes a person using excessive force, he or she has violated that person's Fourth Amendment rights.
A police officer's use of force violates the Constitution if, judging from the totality of the circumstances, the officer used greater force than was reasonably necessary.
Handcuffing one too tightly may constitute excessive force.

No. 6: Failure to Loosen Tight Handcuffs as Excessive Force. Failure to loosen tight handcuffs upon request of a restrained person that are too tight constitutes excessive force.

No. 7: Pointing of Firearms as Excessive Force. Pointing a firearm may constitute excessive force even if there is no physical injury to the plaintiff.
The first factor in determining whether the force used was excessive is the severity of the force applied. The second factor, and the most important, is the need for the force. The amount of force used is permissible only when a strong government interest compels the employment of such force. Factors to be considered in determining the need for the force include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

Docket No. 139 at 30-32.

[4] *See id.*

3

Case No.: 08-3066 PSG
ORDER

deliberated based on instructions that accurately reflected the law. Any additional instructions sought by Nava's counsel would have provided the jury with improper "evidentiary examples" that, according to Defendants, may have unfairly emphasized certain facts over others.

## II. LEGAL STANDARDS

Fed. R. Civ. P. 59(a)(1)(A) provides broad authorization for a court to grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." The court may grant a new trial "if the verdict is contrary to the clear weight of the evidence" or in order to prevent, in the discretion of the trial court, a "miscarriage of justice."[5] But a court may not grant a motion for new trial merely because it would have arrived at a different verdict.[6]

A failure to give adequate jury instructions is an acceptable ground for the granting of a new trial.[7] "Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading."[8] Although each party is "entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence," a court's rejection of proposed instructions meeting these criteria does not warrant reversal if the error is harmless.[9] Prejudicial and thereby reversible error results when, "looking to

---

[5] See U.S. v. 4.0 Acres of Land, 175 F.3d 1133, 1139 (9th Cir. 1999) (quoting Oltz v. St. Peter's Community Hosp., 861 F.2d 1440, 1452 (9th Cir. 1988)).

[6] See Wilhelm v. Associated Container Transp. (Australia) Ltd., 648 F.2d 1197, 1198 (9th Cir. 1981).

[7] Murphy v. City of Long Beach, 914 F.2d 183, 187 (9th Cir. 1990).

[8] Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996) (citing Fikes v. Cleghorn, 47 F.3d 1011, 1013 (9th Cir. 1995)).

[9] Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009) (citing White v. Ford Motor Co., 312 F.3d 998, 1012 (9th Cir. 2002) (citations omitted)). See also Caballero v. City of Concord, 956 F.2d 204, 206 (9th Cir. 1992) ("An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless.").

4

Case No.: 08-3066 PSG
ORDER

the instruction as a whole, the substance of the applicable law was [not] fairly and correctly covered."[10]

## III. DISCUSSION

**A.      Instruction on Excessive Force**

The crux of Nava's argument is that the court's excessive force instruction, as given, failed to explain what constituted "force." Nava argues that in light of the law of this circuit finding, for example, that the use of handcuffs or the pointing of weapons – without any further injury – may constitute a use of force,[11] an additional instruction on this law was warranted. Nava argues that the law supports a similar instruction with respect to an officer's refusal to loosen tight handcuffs.[12] Yet the testimony from several defense witnesses, according to Nava, was that the use of handcuffs was not force.[13] Nava argues that the effect of the officers' testimony left the jury "with either the incorrect testimony, or to decide something that is counterintuitive, namely that placing handcuffs is a use of force, and that pointing a weapon and never discharging it is a use of force as well."[14] Because the court failed to clarify the law to the jury, Nava argues that the jury was left to believe

---

[10] *See Dang v. Cross*, 422 F.3d 800, 805 (9th Cir. 2005) (alteration in original) (quoting *Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir. 2001)).

[11] *See, e.g.*, *McKenzie v. Lamb*, 738 F.2d 1005, 1010 (9th Cir. 1984) (pointing guns and forcing suspects to the ground constitutes sufficient evidence to make out a claim of excessive force); *Robinson v. Solano County*, 278 F.3d 1007, 1014 (9th Cir. 2002) (pointing a gun at an apparently unarmed suspect may constitute excessive force).

[12] *See Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993) (fastening handcuffs so tightly as to cause pain and bruising, and refusing to loosen the handcuffs when told of the pain, constitutes excessive force); *LaLonde v. County of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000) (tight handcuffing can constitute excessive force).

[13] Nava did not provide any citations to the trial transcript in support of her assertions regarding the defense's evidence. *See* Docket No. 156 at 3, n. 1 (Pl.'s Mot. For New Trial) ("These are counsel's recollections; no transcript has been ordered yet."). Although this failure alone perhaps justifies dismissal of the pending motion, the court will proceed to consider its merits.

[14] *See id.* at 5-6.

Case No.: 08-3066 PSG
ORDER

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

either counsel's explanation of the law during closing or the defendants' testimony, rather than basing its determination on a proper instruction by the court.

Nava is correct that the court may not rely automatically upon a model jury instruction as a substitute for issuing an instruction that properly expresses the law and prepares the jury for deliberation. Nava has not established, however, that in rejecting the additional instructions, "the substance of the applicable law was not fairly and correctly covered."[15] For example, in *Dang v. Cross*, the Ninth Circuit remanded for a new trial on issue of punitive damages in the plaintiff's Section 1983 action, because the jury instruction on punitive damages omitted plaintiff's viable theory based on oppressive conduct.[16] The district court in *Dang* had erroneously concluded that oppressive conduct was not grounds for punitive damages, and instructed the jury that it could award punitive damages only if it found defendant's conduct was malicious or in reckless disregard of the plaintiff's rights.[17] In reversing, the Ninth Circuit explained that the plaintiff's theory of the case was based upon evidence of oppressive conduct, and by foreclosing that avenue of recovery, the district court "failed in its obligation 'to give jury instructions on all issues arising from the evidence and to present the plaintiff's theory of the case.'"[18]

Here, the court's instruction clearly stated the actions to be considered for excessive force – "employing drawn weapons or handcuffs" – and explained the appropriate legal standard for determining whether the force is excessive – that of objective reasonableness under the circumstances. The instruction further provided an illustrative list of circumstances to be considered, including several that were specifically applicable to Nava's position at trial that she

---

[15] *See Dang*, 422 F.3d at 805.

[16] *See id.* at 808-09.

[17] *See id.* at 807.

[18] *See id.* at 811 (quoting *Glover v. BIC Corp.*, 6 F.3d 1318, 1328 (9th Cir. 1993)).

6

Case No.: 08-3066 PSG
ORDER

did not attempt to evade or resist the officers and remained restrained over the course of many

minutes. In contrast to the particular instruction and theory at issue in *Dang*, nothing in the court's

instruction hindered the presentation of Nava's theory of excessive force based on tight handcuffs

that were not loosened upon request and the pointing of a long gun directly at her after she was

handcuffed.

That the case law in this circuit affirms that pointed weapons or tight handcuffs may

constitute excessive force further supports the court's formulation. These cases, correctly described

by Nava as arising at the summary judgment stage, do not create a per se rule for excessive force.

Rather, in each case, the court weighed the facts against the legal standard of objective

reasonableness under the totality of the circumstances and found sufficient evidence to proceed to

trial.[19] In contrast, Nava's proposed instructions would simply have stressed her particular theory

and favorable evidence.[20] This does not render the instruction as given erroneous.[21]

---

[19] *See McKenzie*, 738 F.2d at 1010-11 (9th Cir. 1984) (reasonableness of the force used in pointing of guns and other acts should be analyzed in light of multiple factors); *Robinson*, 278 F.3d at 1014 (allegation of excessive force to be considered based on the particular circumstances, given that "[t]here is no per se rule" about pointing guns or handcuffing); *Palmer*, 9 F.3d at 1436 (officer's abusive application of handcuffs could not survive reasonableness review under the circumstances); *LaLonde*, 204 F.3d at 959-60 (9th Cir. 2000) (reasonableness of the use of handcuffs is fact-specific and requires consideration of factors present under the circumstances).

[20] Nava's reference to *Brown v. Starrett City Associates*, 09-CV-3282, 2011 WL 2728468 (E.D.N.Y. July 13, 2011) is inapposite. Although the court is sympathetic to what Nava suggests is a dearth of cases that might indicate the appropriate amount of detail to be included in jury instructions, a single citation to an out-of-district jury charge is not helpful in establishing error here. Nor does the excessive force jury instruction in *Brown*, which included language around "the necessity of handcuffing the plaintiff" and "the tightness of the handcuffs," shed any light on whether this court's instruction met the Ninth Circuit's standard for an instruction that fairly and accurately covered the governing law and the plaintiff's theory of the case.

[21] *Cf. U.S. v. Sarno*, 73 F.3d 1470, 1485-86 (9th Cir. 1995) (affirming, in the criminal context, district court's rejection of proposed instructions as unnecessary because "they were adequately subsumed by the instructions given to the jury" and would have "unduly advanced the Defendants' interpretation of the evidence"). *See also Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 236-37 (7th Cir. 1956) (remanding for new trial where jury instructions "unduly emphasized defendant's version of the case" and were repetitious of information already addressed by other instructions); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997) ("Repetitious instructions that place undue emphasis on a certain aspect of a party's case so as to prejudice the jury require reversal."); *McDonald v. Sandvik Process Systems, Inc.*, 870 F.2d 389, 395 (7th Cir. 1989) ("Refusal of instructions on a party's theory of the case is not reversible error if

7

Case No.: 08-3066 PSG
ORDER

**B.      Prejudice**

Even assuming that the jury instruction as given was incomplete and therefore incorrect, the court finds that a new trial is not warranted because the error was more probably than not harmless.[22] As Defendants pointed out in their opposition and at oral argument, the jury did not return a verdict in favor of Nava on any of her theories of relief, including that of simple negligence. This reinforces Defendants' position that the jury found Defendants' conduct did not fall below the basic, reasonable standard of care.[23] Furthermore, as discussed above, the court's excessive force instruction already was premised on the use of handcuffs and pointing of guns by Defendants. The court finds no indication that the verdict given would have been any different with an additional instruction on the use of handcuffs or weapons.[24] Although Nava refers vaguely to "the history of the jury's questions" as a basis for finding that, had it been instructed properly, the jury would have found for plaintiff,[25] she does not offer anything more specific in support of this assertion.

## IV. CONCLUSION

Because the court's jury instruction adequately expressed the law and indicated Nava's factual basis for her claims, and without any indication that the jury's verdict resulted from a

---

the instruction given adequately presents the party's theory.") (citing *Mann v. Anderson*, 447 F.2d 533, 537 (7th Cir. 1971)).

[22] *See Dang*, 422 F.3d at 811.

[23] *See Cunha v. Ward Food, Inc.*, 804 F.2d 1418, 1434 (9th Cir. 1986) (finding that trial court's refusal to instruct on promissory estoppel claim was harmless because the jury found on another claim that there was no promise).

[24] *Cf. Caballero v. City of Concord*, 956 F.2d 204, 207 (9th Cir. 1992) (reversing for error in civil jury instructions where "nothing about this verdict indicates that the result would have been the same without the error").

[25] *See* Docket No. 156 at 6.

8

Case No.: 08-3066 PSG
ORDER

misapprehension of the law, the court finds no support for Nava's argument that a miscarriage of justice took place. Accordingly, the court DENIES Nava's motion for a new trial.

Dated: December 30, 2011

PAUL S. GREWAL
United States Magistrate Judge

Case No.: 08-3066 PSG
ORDER